Curia, per

Frost, J.
The Act of 1721, 7 Stat. 170, gives costs to witnesses in civil cases only. The Act of *92 1791. 5 Stat. 155, among the costs provided for attorneys “ in extraordinary cases,” allows for “each material witness” the compensation which they may still demand. The Acts of 1827 and 1839 having made no change in this particular, the Act of 1791 must be construed by reference to the Act of 1721. That construction has long prevailed in practice, so that witnesses for the defendant, in criminal cases, have not been allowed costs as in civil cases. If the accused cannot enforce the attendance of material witnesses without paying them, he might frequently, by poverty and imprisonment, be left defenceless. In felonies, the Act oí 1839 gives to the accused the security of a recognizance for the attendance of witnesses — thereby recognizing the duty of the State, in prosecutions for crime, to take care that justice be not overborne by partial proof. In misdemeanors, the accused may have a writ of subpoena ; but this process will avail very little if it may be enforced only on condition of paying the costs of the witnesses’ attendance. If they may ctaim costs, as in civil cases, they may refuse to attend, unless the amount be tendered. In Rex vs. Cooke & Jenkinson, 1 C. & P. 321, it was ruled that a witness for the defendant in a criminal case could not demand his expenses ; nor would the court order them to be paid. In a note to this case, by the reporters, it is stated that the point had never been decided — but the better opinion was that the witnesses’ expenses could not be demanded. These authorities confirm the construction of the Act of 1791, which restricts the allowance of costs for the attendance of witnesses to civil Cases.
The motion is granted.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.